UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JAMES TRUMAN STEVENS, JR.,

                Plaintiff,

      - against -

VERDELL TRENDLE, Patient
Access/Admissions officer #1,

                Defendant.
---------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-6587 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On November 18, 2019, Plaintiff James Truman Stevens, Jr., currently incarcerated at Nassau County Correctional Center, filed this *pro se* action pursuant to 42 U.S.C. § 1983. (*See generally* Complaint, Dkt. 1.) Plaintiff sues Defendant Verdell Trendle, the patient access/admissions officer at Nassau University Medical Center, for failing to keep Plaintiff's medical records confidential. (*Id.* at 4.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's complaint is dismissed.

## BACKGROUND

Plaintiff alleges that on July 17, 2019, at Nassau University Medical Center, Defendant Trendle "v[e]rified my medical records to a Mr. Nicholas Pierce #0413 and on July 18, 2019 gave a copy of my records and wrote a statement against the plaintiff (James Truman Stevens Jr.) without any [s]ubpoena, [c]onsent or [w]arrant from Mr. Nicholas Pierce #0413 or anybody else."[1] (*Id.* at 4.) Plaintiff seeks $2 million in damages. (*Id.* at 5.)

---

[1] The facts set forth in this section are based on the allegations in the complaint, which the Court accepts, as it must, as true for the purposes of this Order. *See Lawrence v. Suffolk Cty. Police Dep't*, No. 13-CV-2357 (JS) (WDW), 2013 WL 3364344, at *1 (E.D.N.Y. June 28, 2013)

1

**LEGAL STANDARD**

Pursuant to the *in forma pauperis* statute, this Court must dismiss a case if the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

At the same time, "document[s] filed *pro se* [are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). "Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law." *McCrary v. Cty. of Nassau*, 493 F. Supp. 2d 581, 584 (E.D.N.Y. 2007) (citing *Faretta v. California*, 422 U.S. 806, 834 n.36 (1975)). "[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels

---

(noting that "in reviewing a *pro se* case for *sua sponte* dismissal, a court should assume that all allegations contained in the complaint are true") (citing *Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.*, 517 F. App'x 11, 12 (2d Cir. 2013) (summary order)).

and conclusions. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007) (quotations, brackets, and citation omitted).

## DISCUSSION

Though Plaintiff does not specifically reference the Health Insurance Portability and Accountability Act ("HIPAA"), the Court liberally construes Plaintiff's claim that Defendant disclosed his medical records "without any subpoena, consent or warrant" (*see* Complaint, at 4), as alleging that Defendant violated Plaintiff's rights to the confidentiality of his medical records as provided for under HIPAA. See 42 U.S.C. §§ 1320d-1–d-7. HIPAA, however, does not confer a private right of action. *See Marquez v. Klein*, No. 19-CV-8867 (CM), 2019 WL 5551872, at *2 (S.D.N.Y. Oct. 28, 2019) ("Plaintiff's claims under HIPAA must be dismissed because there is no private right of action under that statute or the privacy rules.") (citing, *inter alia*, *Bond v. Conn. Bd. of Nursing*, 622 F. App'x 43, 44 (2d. Cir 2015) (summary order)); *Gaines v. Nassau Univ. Med. Ctr.*, No. 18-CV-02109 (JFB) (GRB), 2018 WL 3973015, at *3 (E.D.N.Y. Aug. 16, 2018); ("It is well-established that there is no private right of action under the HIPAA law."); *Montgomery v. Cuomo*, 291 F. Supp. 3d 303, 317 n.42 (W.D.N.Y. 2018) ("Only the Secretary of Health and Human Services or other government authorities may bring a HIPAA enforcement action. There is no private right to sue for a HIPAA violation.") (internal citations omitted); *Hernandez v. ACACIA Network*, No. 17-CV-1779 (AMD) (JO), 2017 WL 4350516, at *1 (E.D.N.Y. May 2, 2017) ("[T]here is no private right of action under HIPAA.").

"Enforcement of the statute and its regulations is limited to the Secretary of Health and Human Services . . . ." *Gabriele v. Maimonides Hosp.*, No. 10-CV-3200 (ARR), 2010 WL 3035486, at *1 (E.D.N.Y. Aug. 2, 2010) (collecting cases). Therefore, Plaintiff's sole remedy for

an alleged HIPAA violation is to lodge a written complaint with the Secretary of Health and Human Services, through the Office for Civil Rights, who has the discretion to investigate the complaint and impose both criminal and civil sanctions. *See* 45 C.F.R. § 160.306. Accordingly, given that Plaintiff has no private right of action under HIPAA, he fails to state a claim against Defendant and his claim is dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).[2]

**CONCLUSION**

For the reasons stated above, Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 3, 2019
       Brooklyn, New York

---

[2] Though ordinarily the Court would allow Plaintiff an opportunity to amend his pleading, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), such an opportunity is not warranted here, as it is clear from the face of the complaint that any such amendment would be futile, *see Cuoco*, 222 F.3d at 112 ("The problem with [Plaintiff]'s causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.").